# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN FAULKNER, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. ELH-17-1607 |
| OPERATIONS OFFICE DEPUTY, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

On June 9, 2017, the Court received a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 by Alvin Faulkner. ECF 1. In accordance with the Court's instruction, Faulkner supplemented the Petition. ECF 2; ECF 3. Respondent submitted a Response, asserting that Faulkner failed to exhaust available state review before filing his Petition. ECF 6. The Court notified Faulkner that he would be required to present evidence that his claims had been properly exhausted. ECF 7. Although Faulkner acknowledged receipt of the Court's instruction, ECF 8 at 2, he did not provide evidence of exhaustion, and the time for doing so has expired.

The matter is now ripe for this Court's consideration. After review of these filings, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. For the reasons set forth herein, the Court shall DENY and DISMISS the Petition, without prejudice.

## BACKGROUND

Faulkner, a Maryland inmate who reported that he was housed at Brockbridge

Correctional Facility ("BCF") when he commenced this action,[1] asserts that he is being unlawfully incarcerated and is entitled to immediate release. In his Petition, Faulkner makes an unclear allegation about the Maryland State Department of Parole and Probation "granting [him] delay release" and reclassifying him as "pre-release, work release." ECF 1 at 2 (some capitalization altered). He also claims that an unnamed correctional officer at BCF was bribing the "Parole Commission not to release Petitioner." *Id.* The Petition suggests that Faulkner is being intimidated and threatened with physical harm by other inmates at the direction of a BCF officer. *Id.*

In accordance with the Court's instruction, Faulkner filed a Supplement to his § 2241 Petition. In his Supplement, Faulkner asserts that he has been kidnapped and falsely imprisoned and is entitled to immediate release. ECF 3 at 7. According to Faulkner, he has fully served his term of imprisonment "day for day." *Id.* He also claims that the Court of Appeals (presumably Maryland's Court of Appeals) issued an order vacating his conviction, and he reports that his innocence was "declared both legally & factually." *Id.* (some capitalization altered).

Faulkner did not file copies of any state court documents corroborating these assertions. He acknowledges that he did not file a state court case "dealing with the same facts as this case," nor did he file an administrative grievance with his correctional facility or a complaint with the Inmate Grievance Office concerning his claims. *Id.* at 3-4.

## DISCUSSION

Although filed pursuant to 28 U.S.C. § 2241, the instant Petition involves questions of

---

[1] Respondent asserts that Faulkner was actually housed at Jessup Correctional Institution at the time he filed the instant petition. ECF 6 at 2 n.3. Although Faulkner has not updated his address with the Court, in a more recently filed action, Faulkner listed Clifton T. Perkins Hospital as his address. *See Faulkner v. U.S. Pardon No. 4*, Civil Action No. ELH-18-2468. The Clerk shall mail a copy of this Memorandum and the accompanying Order to the current address listed on the docket as well as the address as provided in ELH-18-2468.

State law only, and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment).

The exhaustion requirement entails completion of state court review of each claim before it is presented in federal court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts, to include both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and at least an effort to obtain review by the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). This affords the state courts the first opportunity to review federal constitutional challenges and preserving the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Faulkner does not allege that he has exhausted the claims in his habeas corpus petition by presenting his claims to the state courts. To the extent that Faulkner's assertion that the Court of Appeals has vacated his conviction and declared his innocence "both legally & factually" could be construed as claiming exhaustion, he fails to offer any evidence suggesting that either of the state appellate courts issued such a ruling. Thus, because Faulkner fails to demonstrate exhaustion, his Petition and Supplement cannot proceed and will be dismissed.

A separate Order follows.

October 19, 2018  /s/
Date  Ellen L. Hollander
 United States District Judge